# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8090 | **DATE** | 6/13/2000 |
| **CASE TITLE** | AAR International, Inc. vs. Vacances Heliades, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to abstain and dismiss the case without prejudice is granted. If there is anything to litigate in this matter that is not precluded when the Greek courts are done with it, AAR may file again. Any pending motion in this case is terminated as moot. Any schedule set in this case is also vacated. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 14 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/13/2000 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AAR INTERNATIONAL, INC.,   )
                           )
         Plaintiff,        )
                           )
    v.                     )   No.  99 C 8090
                           )
VACANCES HELIADES S.A.,    )
NIMELIAS ENTERPRISES S.A. and )
PRINCESS AIRLINES S.A.,    )
                           )
         Defendants.       )

DOCKETED
JUN 14 2000

## MEMORANDUM OPINION AND ORDER

In 1998, AAR International ("AAR") leased an airplane to Vacances Heliades and Nimelias Enterprises (the "defendants").[1] A dispute arose about the satisfaction of the parties' obligations under the lease, and Vacances filed a lawsuit in the First Instance Court of Athens, Greece, against AAR, Transamerica Equipment Financial Services and TA Air X Corporation, alleging breach of the lease. On November 22, 1999, Vacances filed a second case in Athens seeking damages for the alleged breach. In addition, AAR's lawyer states that there is a third Athens action that he is defending. On

---

[1] AAR International is an Illinois corporation with its principle place of business in this state; Vacances Heliades is a French corporation with its principal place of business in France, and Nimelias Enterprises, is a Cypriot corporation with its principal place of business also in France.

December 13, 1999, AAR filed this alienage action I now consider in the Northern District of Illinois. The defendants move that I abstain. I grant the motion and dismiss the case without prejudice.

I.

I have a "virtually unflagging obligation" to exercise the jurisdiction conferred on me by Congress, but in exceptional cases, I should stay or dismiss a suit and await the outcome of parallel proceedings as a matter of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (internal citation omitted). Federal courts usually grapple with abstention in the context of parallel state court proceedings. Here, the alternate forum is not the tribunal of "a state of the federal union to which, under our Constitution, [I] owe a special obligation of comity." *Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 685 (7th Cir. 1987). Nevertheless, in the interests of international comity, I apply the same general principles with respect to parallel proceedings in a foreign court. *Finova Capital Corp v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999).

I first determine whether the federal and foreign proceedings are parallel. *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). They are if substantially the same parties are litigating substantially the same issues simultaneously in two fora. *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). AAR argues that the plaintiff here is "AAR International," while the defendant in the first Athens action is "AAR Corp." and, in the second, "AAR International, Inc. Corp," which, AAR says, does not exist. The Greek court, however, found that AAR Corp. and AAR International, Inc. are "one and the same legal person," Decision No. 762/2000, January 25, 2000. AAR asks me to hold that this ruling has "no conceivable basis in law or fact." "Concerns of international comity" and "respect for the capacities of foreign . . . tribunals," *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 629 (1985), would require me to reject this claim, and even if they did not, the basis would be provided by AAR's own conduct before the Athens Court, defending the first Athens action as AAR Corp. and arguing that it should not have had to post a bank guarantee because it was publically traded.

The present defendants are right to characterize AAR's argument that "AAR International, Inc. Corp.", the named defendant in the

second Athens case, is not AAR, as fatuous. This is not an Article Nine security interest filing where the names have to be just right.[2] The "nonexistent" defendant seems to be defending the case just fine, and if it is different from AAR, AAR has not explained why.

The parties are the same. Are the causes of action? They need not be identical for proceedings to be parallel as long as there is a "substantial likelihood" that the foreign litigation "will dispose of all the claims presented in the federal case." *Lumen Constr. Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985). AAR contends that the issues in the Athens case differ because in the present case, AAR "is not seeking an order for possession or recovery of the Aircraft," while the first and third actions seek a temporary arrest or attachment of the aircraft and an order prohibiting its deregistration and departure, and the second Athens action seeks damages for breach of lease. AAR also says that nothing the Greek courts decide will have preclusive effects on a federal action because different issues are raised in each of these actions.

---

[2] I note that AAR misspelled Vacances' name throughout as "Vacance"; it would not have been amused had Vacances replied that there was no such company.

-4-

However, these arguments will not wash, and not just because on AAR's own representation the Athens cases do not seek "possession or recovery of the aircraft," nor because the issue of parallelism turns on the cause of action and not the remedy sought. There is a substantial likelihood that those cases will dispose of all the issues in the federal litigation because a single member of the Greek court, which normally sits as a panel of three, has found on an emergency hearing that AAR is liable to the defendants here (overlapping with some of the plaintiffs there) and has ruled in a preliminary way on damages. AAR offers no plausible reason to think that this ruling will be reversed by the full panel. If there will be anything more to litigate in this matter than liability and damages, AAR does not explain what it is.

If the ruling was to be upheld, that would probably end the matter. The Southern District of Texas stated that "there would be little reason to deny the preclusive effects" of a Greek judgment when "the recognizing jurisdiction has no concern with any of the parties or the underlying transaction." *Mpiliris v. Hellenic Lines, Limited,* 323 F. Supp. 865, 874 (S.D. Tx. 1969), aff'd 440 F.2d 1163 (5th Cir. 1971). The factors that led that court to deny preclusive effect, including different parties, *id.* at 873, and a substantial

federal interest, *id.* at 874, do not apply here. *Accord Zorgias v. The SS Hellenic Star,* 370 F. Supp. 591, 593 (E.D. La. 1972), aff'd 487 F.2d 519 (5th Cir. 1973)(Greek judgment has preclusive effect when there was there is identity of the parties and cause of action.). *See also Vagenas, v. Continental Gin Company,* 988 F.2d 104, 106 (11th Cir. 1993) (1951 treaty between United States and Greece, 5 U.S.T. 1829, elevated foreign judgment to status of sister state judgment).

II.

I now must balance the considerations for and against abstention, bearing in mind the exceptional nature of the measure, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983). The Seventh Circuit directs me to consider a laundry list of factors: (1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and

foreign proceedings; and (8) the vexatious or contrived nature of the federal claim. *Finova Capital Corp.* 180 F.3d at 898-99 (*citing Colorado River*, 424 U.S. at 818)). Taking these in order:

(1) The identity of the court that first took jurisdiction--Greek--favors abstention. AAR argues that this factor is neutral, because the issues in the first Athens action were "temporary"; but jurisdiction is jurisdiction. The second Athens action, morever, addresses the dispositive issues of liability and damages.

(2) AAR claims that the relative inconvenience of the federal forum favors my exercise of jurisdiction because the Greek forum is inconvenient for an Illinois firm. However, AAR's are not the only interests I must consider. The airplane, many critical witnesses, and documents are in Greece, and the defendants here are European firms, for whom a Greek forum is more convenient. I take judicial notice, also, that AAR's counsel advertises itself as a global law firm ("One Firm. One World. Connected." is the Baker & McKenzie slogan.), and is presumably able to litigate even in Athens.

(3) AAR also says that the need to avoid piecemeal litigation favors exercise of jurisdiction because Greek law permits multiple lawsuits. However, the avoidance of piecemeal litigation is supposed to promote judicial economy, *Finova*, 180 F.3d at 899, and the most

economical use of my time is to let the Greek courts handle it. To exercise jurisdiction would promote rather than reduce piecemeal litigation, since there would be then be three or four cases on different issues--according to AAR--on two continents. Besides, AAR does not deny that Greek law permits the consolidation of cases and the filing of counterclaims, which might be advisable anyway, in view of the probable preclusive effect of a Greek judgment.

(4) The order in which the respective proceedings were filed favors abstention because the defendants here filed first in Greece. AAR argues that the first Athens action was only a little claim about a nondispositive issue concerning provisional relief, but that action was part of a dispute arising from a single transaction (the alleged breach of the lease) or series of transactions. The second Athens action, moreover, did go to liability for the breach and damages, and was also filed before AAR went forum-shopping.

(5) Because this is an alienage case, the rule of decision is provided by Illinois law under the terms of the lease contract. There is no special federal interest. The Seventh Circuit said that an alienage case does not "involv[e] the application of legal rights or principles unique to, or specially protected by, federal law; the federal interest in the adjudication of a contractual dispute--even one governed by Illinois . . . law--is far from

overwhelming." *Finova*, 180 F.3d at 900.

(6) AAR has four arguments that the foreign action will not protect the plaintiff's rights: Three of them boil down to the claim that AAR got adverse rulings in the Greek courts. The Athens court: (a) would not accept that AAR International was not identical to AAR Corp; (b) held that AAR may be liable to Vacances in spite of AAR's reading of the lease; (c) imposed a bank guarantee requirement despite its determination that AAR is a publicly traded corporation. The principle seems to be that no court can be fair that does not rule for the plaintiff on every motion--a natural view for the party losing the motion, but one without legal support.

AAR's fourth argument, (d), is that Greece is ranked well below the United States on the "Transparency International Corruption Perception Index." Apparently I am supposed to exercise jurisdiction because some people perceive that "Greece" is "corrupt." There is not a whisper of evidence that the Athens Court is corrupt.

(7) AAR claims that the relative progress of the federal and foreign proceedings is not "relevant" because the first and third Athens actions were only for "provisional relief" and the second Athens action has only been set for hearing in December 2000, while I have set an "entirely realistic" trial date for January 2001. However the defendants are correct that the Athens court's findings

in its January 25, 2000 order indicate that the court has made substantial progress in weighing the merits of the case, which I have not begun to do. The Greek proceedings are therefore much further advanced.

(8) AAR asserts, finally, that its claim was not vexatious or contrived but was bona fide and legitimate. Perhaps, but it is not enough.

Accordingly I GRANT the motion to abstain and DISMISS the case without prejudice. If there is anything to litigate in this matter that is not precluded when the Greek courts are done with it, AAR may file again.

ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

Dated: June /3, 2000

Copies are being mailed to:

Richard M. Franklin
Baker & McKenzie
130 E. Randolph Street
Chicago, IL 60601

Attorney for Plaintiff

Konstantinos Armiros
Levenfeld Pearlstein Glassberg Tuchman
  Bright Goldstein & Schwartz, LLC
33 W. Monroe Street, 21st Fl.
Chicago, IL 60603

Attorney for Defendants