# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8090 | **DATE** | 1/28/2004 |
| **CASE TITLE** | AAR International, Inc. vs. Vacances, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/13/04 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment on the merits of the complaint is granted and the motion is denied as to the issue of damages. Plaintiff's motion for summary judgment on the counterclaims is also granted. Plaintiff's motion to strike certain evidence submitted by the defendants is denied as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 1-29-04 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 112 |
| | Copy to judge/magistrate judge. | | 1/28/2004 | |
| | | courtroom deputy's initials | date mailed notice | |
| MPJ | | OT | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AAR INTERNATIONAL, INC., )
 )
        Plaintiff, )
 )
v. )
 )
VACANCES HELIADES S.A., ) No. 99 C 8090
NIMELIAS ENTERPRISES S.A., and )
PRINCESS AIRLINES S.A., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

AAR International, Inc. ("AAR") sues Vacances Heliades S.A., Nimelias Enterprises S.A., and Princess Airlines, S.A. (collectively, the "defendants") for breach of an aircraft lease. The defendants sought an abstention because of parallel proceedings pending in Greece, and I granted the motion, but the Seventh Circuit reversed. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510 (7th Cir. 2001). After remand, the defendants answered and filed counterclaims and affirmative defenses. The plaintiff now moves for summary judgment on the original claim and counterclaims and to strike certain evidence submitted by the defendants. Because the defendant has failed to demonstrate the existence of a genuine issue of material fact, *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001), I GRANT the motion for summary judgment on the merits of the complaint, but DENY it as to the issue of damages. For the same reason, I GRANT the motion for summary judgment on the counterclaims. I DENY the motion to strike as moot.

I.

The facts are as follows. AAR, an Illinois corporation, leased a Boeing 737-3Q8 aircraft to Vacances Heliades, a French corporation, pursuant to an Aircraft Lease Agreement in May 1998. Vacances Heliades subleased the plane to Nimelias Enterprises, a Cypriot corporation with its principal place of business in France, which then sub-subleased it to Princess Airlines, a Greek corporation. AAR claims that the defendants breached the lease by permitting delinquent EuroControl charges to accrue on the plane, failing to keep the plane in serviceable condition by allowing an engine to be taken off-wing for over one year, and by failure to pay rent under the lease[1]. EuroControl asserted a lien against the aircraft for payment of the charges accrued by Princess, and the civil authorities of Greece detained the aircraft. In order to recover the jet, AAR paid the entire debt to Eurocontrol and reclaimed its plane. AAR argues that the defendants must reimburse it for this payment, as well as for various other expenses it incurred as a result of the breach.

The defendants filed a counterclaim, alleging that AAR breached the lease by failing to deliver the aircraft in the condition warranted under the lease. Specifically, they claim that AAR made and breached four relevant promises, two of which survived

---

[1] During the lease period, AAR sold the aircraft to a separate entity, Transamerica, which has since sold the aircraft back to AAR together with its rights in this litigation.

2

an earlier motion to dismiss: (1) In the lease, AAR promised to deliver the Aircraft "fresh from a Boeing Maintenance Planning Document (MPD) C-7 check (overhaul) with all CPCP tasks current and completed," Lease § 1(D)(b), and that "[t]he engines will undergo a video borescope inspection and power assurance run at or immediately prior to the time of the demonstration flight . . . . Any discrepancies found not to be in compliance with the manufacturer's maintenance manual shall be corrected at lessor's expense," *id.* § 2(A)(e). (2) AAR promised to deliver all service records for the aircraft and its engines when it delivered the aircraft. Lease § 2(A) and Lease Ex. I. In addition, the defendants allege that AAR defrauded them by making these promises to induce the defendants into leasing the aircraft without any intent on the part of AAR to perform its end of the bargain.

## II.

The facts allow no doubt that Vacances breached the lease. The lease between AAR and Vacances provided that the lessee would pay:

> all costs, charges, fees, and expenses in connection with the use, possession, and operation of the Aircraft, including maintenance, insurance, state, local, provincial, and all other taxes ... Such obligations of Lessee will be paid in full and will be absolute and unconditional under and all circumstances and regardless of other events.

Ex. to Pl. Mot. for Sum. J. at D6. It further stated that an "Event of Default would occur if "Lessee is more than 30 days in arrears on payment of any EuroControl charges or more than 90 days in arrears on payment of any disputed EuroControl charges," *id.* at

3

D28, and that "upon the occurrence of any Event of Default ... Lessor may, at its option" pursue a number of remedies, including repossession of the aircraft at the lessee's expense. *Id.*

The defendants concede that Princess failed to pay its EuroControl charges. They provide several explanations as to why this occurrence should not be considered a breach, but none is sufficient to avoid summary judgment on the issue of breach. First, defendants claim that the EuroControl charges were taxes, not charges, and thus that AAR had an obligation to notify Vacances of the claim and procure its written consent before settling the claim, as outlined in chapter 9 of the lease. *Id.* at D15-D18. This argument has no merit. Chapter 9 applies only if no Event of Default has occurred or is occurring, *id.*, and nonpayment of EuroControl charges, which was concededly occurring at the time, is explicitly defined as an Event of Default.

Second, defendants argue that a large portion of the EuroControl charges related to other aircraft operated by Princess, not to the aircraft at the heart of this dispute. Even if true, this is irrelevant; it is undisputed that Princess was not paying EuroControl, and that the outstanding charges resulted in a lien on plaintiff's aircraft. If the defendants disputed EuroControl's calculation of the fees owed, under the terms of the lease, they had 90 days to resolve the issue, and at the end of 90 days, they had to pay EuroControl in full or risk default of the lease. AAR

was notified of the delinquent payments in February 1999, and the lease was terminated in September 1999. As the disputed charges went unpaid for more than 90 days, the defendants triggered an Event of Breach sometime in mid-1999 at the latest.

Next, defendants argue that the nonpayment was actually caused by AAR's wrongful refusal to allow Vacances to switch the sublease from Princess to its allegedly more solvent subsidiary, AirMed. If this switch had occurred, Vacances claims, Vacances would have been able to pay the the back charges that Princess owed. This argument fails as well; the nonpayment occurred long before Vacances proposed the sublease switch. Nothing in the lease required AAR to provide Vacances with an opportunity to cure a default.

Finally, Vacances argues that AAR engineered the default, in collusion with Princess' management, because it wanted to avoid the lease in order to escape certain European taxes. The defendants' statement of facts points to no evidentiary support in the record for this speculative theory, so I will disregard it.

AAR is entitled to summary judgment on Counts I and II, as the defendants have failed to establish that any material fact is genuinely in dispute. Vacances breached its contract with AAR, which was then entitled to recover its airplane at Vacances' expense. However, while summary judgment is appropriate on the merits, the issue of damages presents multiple questions of fact that cannot be resolved at this stage. Therefore, AAR's motion for

summary judgment on its complaint is DENIED as to damages, but GRANTED in all other respects.

III.

The breach of contract counterclaim presents no genuine issue of material fact. The defendants acknowledge that AAR complied in full with the requirements of the Boeing Maintenance Program and the CPCP. Defendants' representatives testified that they were aware that a video borescope was not performed in Oklahoma City at the time of the test flight and that they chose not to object to that fact. They admit that knowing this, they signed Lease Supplement I, which stated that the "Lessee has inspected the Aircraft and the Aircraft satisfies the conditions set forth in the lease." It is not clear whether the defendants were aware that a power assurance run was not conducted prior to the aircraft's transport to Greece, but as one was later performed in Greece, revealing no problems, this breach was clearly not material. Defendants' representatives further testified that the records in AAR's possession arrived in Greece, albeit after a delay caused by the carrier, and that details of repairs which occurred during the time the aircraft was owned by an Indonesian airline were the responsibility of that airline, not of AAR. Thus, it does not appear that AAR committed any material breach, and plaintiff's motion for summary judgment is GRANTED as to the breach of contract counterclaim.

The motion for summary judgment on the counterclaim for fraudulent misrepresentation is likewise GRANTED. In order to establish a claim for fraudulent misrepresentation, the complaining party must present evidence establishing:

> "(1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in [justifiable] reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance."

*Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 536 (Ill. 1989). The facts provided by defendants do not meet this standard. To the extent that defendants are complaining of statements made prior to the signing of the lease, those statements are not actionable, as it was not reasonable to rely on oral representations contradicted by a contract containing an integration clause. *Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1207 (7th Cir. 1998). More importantly, the defendants do not provide any evidence suggesting that it actually relied to its detriment on any statement made by AAR.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: January 28, 2004