# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8090 | **DATE** | 11/30/2004 |
| **CASE TITLE** | AAR International vs. Vacances, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion in limine and denying plaintiff's motion in limine.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 1 2004 date docketed | |
| ✓ | Notified counsel by telephone. | | | 134 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/30/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |

AAR INTERNATIONAL, INC., )
)
Plaintiff, )
)
v. ) No. 99 C 8090
)
VACANCES HELIADES S.A., )
NIMELIAS ENTERPRISES S.A. and )
PRINCESS AIRLINES S.A., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff AAR International, Inc. ("AAR") brought this action against defendants Vacances Heliades, S.A., Nimelias Enterprises, S.A., and Princess Airlines, S.A. (collectively, the "defendants") for breach of an equipment lease dated May 14, 1998 (the "Lease"). The underlying facts are summarized in a memorandum opinion and order I issued on January 28, 2004, in which I ruled on the parties' cross motions for summary judgment.[1]

The lease in suit is dated May 14, 1998 (the "Lease"). The subject matter of the Lease was a Boeing 737 commercial jet aircraft, and the stated term of the Lease was 96 months. As contemplated by the Lease, Vacances immediately subleased the aircraft to defendant Nimelias Enterprises, S.A., which contemporaneously sub-subleased it to defendant Princess Airlines,

---

[1] *AAR Intern. v. Vacances Heliades, S.A.*, 302 F.Supp.2d 869 (N.D.Ill. 2004)

S.A. The provisions of the sublease and sub-sublease mirror those of the Lease and, except for Basic Rent, effectively bind the lessees thereunder to the terms imposed upon the Lessee under the Lease.

The Lease was terminated in September 1999. In my January 28, 2004 opinion in which I granted AAR's motion for summary judgment on the issue of liability, I held that the issue of damages presented multiple questions of fact that could not be resolved as a matter of law. The case is now set for trial, and each side has filed a motion in limine ("MIL") with respect to a pivotal aspect of AAR's damage claim. The defendants' MIL asks that the liquidated damages provision in the Lease be declared unenforceable. AAR's MIL asks that the defendants be barred from presenting evidence of AAR's profits from transactions involving the aircraft after it was repossessed. For the reasons given below, I grant the defendants' MIL and deny the MIL of AAR.

AAR'S CLAIM FOR DAMAGES

The Lease provides for a Base Rental of U.S. $275,000 per month during the Lease term. In addition, the Lessee is to pay Variable Rent each month, which consists of charges for aircraft and engine use. The Lessee further agrees to indemnify Lessor against costs of repossession and certain other liabilities that might arise out of any default or by reason of Lessee's operation of the aircraft.

In September 1999, AAR exercised its right to repossess the aircraft under Article 1.7 A of the Lease. Now it seeks to enforce Article 1.7 B of the Lease, which provides that

> Whether or not Lessor shall have exercised or shall at any time thereafter exercise any of its rights under paragraph (a) above with respect to the Aircraft, Lessor by written notice to Lessee specifying a payment date not earlier than five (5) days from the date of such notice, may demand that Lessee pay to Lessor, and Lessee shall pay Lessor, in addition to such other remedies, as liquidated damages for loss of a bargain and not as a penalty, an amount equal to any Base Rental, Variable Rental, and other charges unpaid as of the date of such notice, plus an amount equal to the entire Base Rental for the duration of the unexpired period remaining of the Basic Lease Term of the Lease discounted to present value at ten percent (10%) per annum, it being acknowledged and agreed that actual damages under such circumstances would be difficult or impossible to determine.

## VALIDITY OF THE LIQUIDATED DAMAGES PROVISION

The Lease stipulates that all questions of construction, performance and validity are governed by Illinois law. Defendants, citing *Gen. Elect. Capital Corp. v. Laser Hair Removal*, 97 F. Supp. 2d 1210 (N.D.Ill, 2000), argue that the liquidated damages clause of the Lease is not enforceable because it does not take into consideration the additional value received by AAR due to the early recapture of the leased equipment and does not provide a credit for the income stream derived by AAR from reletting the aircraft. They argue further that the clause is unenforceable because the liquidated damages it defines are not in lieu of, but in addition to, actual damages. In support of the latter proposition the

3

defendants cite *Grossinger Motorcorp. V. Am. Nat'l Bank & Trust*, 240 Ill. App.3d 737, 751 (1992).[2] Defendants also point out that, except for the language in the liquidated damages clause which, they assert, is unenforceable, there is no provision in the Lease for acceleration of damages. In the absence of an acceleration clause, recovery for breach of lease is limited to the amount due at the time of trial. *Miner v. Fashion Enter's, Inc.*,342 Ill. App. 405, 416-17 (2003).

AAR's response is that the liquidated damages clause is valid because even under common law principles, it is entitled to benefit of the bargain damages, "which is the amount of rent it would have received less the amounts AAR has received from re-rental of the Aircraft as mitigation." AAR also urges that it has already credited the defendants with revenue resulting from AAR's mitigation of damages (apparently having reduced its claim for future rents by the amount of rents it has obtained from third parties[3]), and that the clause under attack actually benefits the defendants substantially

---

[2]*Grossinger* follows and quotes from *Dalston Constr. Co. v. Wallace*, 214 N.Y.S.2d 191, 193 (N.Y.Sup.Ct. 1960) ("This [a liquidated damages provision which enabled a party to collect both actual and liquidated damages] is no settlement at all and it permits the (seller) to have his cake and eat it too.")

[3]Although AAR submits a schedule of its damages showing such a reduction in damages, but the schedule standing alone would not support a damage award, and AAR will have the burden of proof on that issue at trial.

by using a 10% discount factor, rather than the Prime Rate, a lower number, to arrive at Present Value.

AAR's vaunted generosity in applying a 10% discount factor is irrelevant to a determination of whether the liquidated damages clause in the Lease is enforceable. Illinois law is clear that a provision which permits simultaneous recovery of both actual and liquidated damages cannot stand. The general rule in Illinois is that

> Where a contract provides that the breaching party must pay all damages caused by the breach as well as a specified sum in addition thereto, the sum so specified can be nothing but security for performance and, therefore, constitutes an unenforceable penalty.

*H&M Driver Leasing Services, Unlimited, Inc. v. Champion International Corporation*, 181 Ill. App. 3d 28, 31 (1989).

Moreover, as the defendants have contended, benefit of the bargain damages must take into account the early recapture of the leased asset. In *Gen. Elect. Capital Corp., Inc., supra*, 97 F.Supp.2d 1210, the court, applying Illinois law, held that a valid liquidated damages provision in an equipment lease must take into account the fact that an earlier recapture of the leased equipment provides the lessor with a more valuable asset than is represented by the anticipated residual value at a future date. AAR's liquidated damage provision does not credit the defendants with the difference between the estimated residual value at the end of the

lease term and the obviously greater value of the aircraft when it was repossessed.

Defendants' motion to declare the Lease's liquidated damages provision unenforceable is granted.

## AAR'S MOTION TO EXCLUDE EVIDENCE

As noted above, AAR's MIL asks the court to bar the defendants from presenting evidence of AAR's profits from post termination transactions involving the aircraft. AAR does not cite any cases, but relies on unsupported theories and suggests that, "but for the defendants' breaches, AAR's alleged profits would have been greater." Motion at 2. The defendants, without citation, echo the "eat their cake and have it too" rationale of *Grossinger*, 240 Ill. App.3d at 751, and also contend that the evidence sought to be barred is relevant to mitigation.

Illinois authority holds that evidence of a lessor's profits from post termination sales of repossessed assets is not merely admissible in support of a mitigation defense, but that it is actually the burden of a plaintiff lessor to adduce such evidence in order to establish its damages case. *Sharon Leasing, Inc. v. Phil Terese Transp., LTD.*, 299 Ill. App. 3d 348, 360 (1998). In *Sharon*, the trial court found that the plaintiff truck lessor had failed to establish its damages because it did not present any evidence of resales or, alternatively, of the net fair market value of vehicles

the plaintiff had retained. The appellate court expressly affirmed this ruling. Sharon, 299 Ill. App. at 359-60.

AAR's MIL to bar defendants from presenting evidence of AAR's profits from transactions involving the aircraft is denied.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 30, 2004